# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: I.S.

No. 16-0658 (Raleigh County 15-JA-95-B)

## MEMORANDUM DECISION

Petitioner Mother A.P., by counsel P. Michael Magann, appeals the Circuit Court of Raleigh County's June 13, 2016, order terminating her parental rights to one-year-old I.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Dennie S. Morgan, Jr, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her motion to extend her post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, the DHHR filed a petition for abuse and neglect against petitioner alleging that she tested positive for amphetamines and cannabinoids after giving birth to I.S. in her home. The DHHR also alleged that petitioner had a history of intravenous drug use. Petitioner admitted that she smoked marijuana and injected methamphetamine five days before she gave birth to I.S. Finally, the DHHR alleged that petitioner had her parental rights terminated to her two older children, in part, because of her cocaine addiction.

Several months later, petitioner admitted to the allegations of abuse and neglect as alleged in the petition. Accordingly, the circuit court adjudicated petitioner as an abusing parent and granted her a post-adjudicatory improvement period. The terms and conditions of her improvement period required petitioner to obtain suitable housing and to complete a substance abuse treatment program. In April of 2016, the circuit court held a dispositional hearing during which it heard testimony that petitioner "fail[ed] to make any successful progress as to the improvement period" and that her parental rights to her to older children were previously terminated. By order entered on June 13, 2016, the circuit court terminated petitioner's parental rights to I.S. This appeal followed.

The Court has previously established the following standard of review:

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion to extend her improvement period. West Virginia Code § 49-4-610(6) provides that "[a] [circuit] court may extend any improvement period . . . when the [circuit] court finds that the respondent has substantially complied with the terms of the improvement period[.]" This Court recently held that, "[a]s a general rule of statutory construction, the word 'may' inherently connotes discretion and should be read as conferring both permission and power. The Legislature's use of the word 'may' usually renders the referenced act discretionary, rather than mandatory, in nature." *Pioneer Pipe, Inc., v. Stephen Swain, Brayman Constr. and J&J Gen. Maint. Inc.*, -- W.Va. --, -- S.E.2d -- (September 19, 2016). Further, to the extent this issue requires the weighing of evidence and rendering of findings of fact, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); s*ee also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

In this case, the record is clear that petitioner failed to meet the burden of proof required for an extension of her improvement period. It is undisputed that petitioner did not substantially comply with services throughout the underlying proceedings. Petitioner admits in her brief to this Court that she "had not successfully completed the terms of her Family Case Plan[.]" The record is devoid of any evidence that would warrant an extension of her improvement period, despite her self-serving and unsupported contention that she should be entitled to an extension. Furthermore, the circuit court was not required to grant petitioner an improvement period because her parental rights to her two older children were terminated. West Virginia Code § 49-4-604(7)(C) provides that "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines [that] [t]he parental rights of the parent to another child have been terminated involuntarily." For these reasons, it was not error for the circuit court to deny petitioner an extension of her improvement period.

For the foregoing reasons, we find no error in the circuit court's June 13, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 14, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II